IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIONTRE DOMINIQUE TAYLOR | **I N D I C T M E N T**<br><br>Case No. 3:25-cr-211<br><br>Violations: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; 18 U.S.C. § 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about January 2025 through the date of this Indictment, in the Districts of North Dakota, Minnesota, Nevada, Eastern California, and elsewhere,

DIONTRE DOMINIQUE TAYLOR

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Drug Quantity

The amount involved in this conspiracy attributable to the defendant, as a result of his own conduct, and of the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendant and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Nevada, California, and elsewhere;

2. It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

4. It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that the defendant and others sent and received methamphetamine through the United States mail;

6. It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, Nevada, and California, to obtain, transport, and distribute methamphetamine;

7. It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, houses, and hotel rooms in North Dakota in which to store, possess, and distribute methamphetamine;

8. On or about March 31, 2025, DIONTRE DOMINIQUE TAYLOR attempted to possess with intent to distribute approximately 1,340 grams of methamphetamine in Fargo, North Dakota;

In violation of Title 21, United States Code, Section 846, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

<u>COUNT TWO</u>

**Attempted Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about March 31, 2025, in the District of North Dakota,

DIONTRE DOMINIQUE TAYLOR

did knowingly and intentionally attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

                                          A TRUE BILL:

                                          <u>/s/ Foreperson</u>_____
                                          Foreperson

<u>/s/ Jennifer Klemetsrud Puhl</u>
JENNIFER KLEMETSRUD PUHL
Acting United States Attorney